UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAROLD NUNN, #104895,

    Petitioner,

                                        Civil Case No. 07-14084
                                        Honorable Paul V. Gadola
                                        Magistrate Judge Donald Scheer

v.

RAYMOND BOOKER,

    Respondent.
_____/

**OPINION AND ORDER GRANTING RESPONDENT'S MOTION
FOR SUMMARY JUDGMENT, DENYING THE PETITION FOR WRIT OF
HABEAS CORPUS, AND DENYING A CERTIFICATE OF APPEALABILITY
AND LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

This matter is before the Court on Petitioner's *pro se* request for habeas corpus relief pursuant to 28 U.S.C. § 2254. Petitioner *was* a state prisoner confined at Ryan Correctional Facility in Detroit, Michigan. However, Petitioner was paroled on May 8, 2008 with a supervision discharge date of May 8, 2010. Petitioner is challenging his November 15, 1995 parole revocation. Respondent filed a "Motion for Summary Judgment," asserting that the habeas corpus petition is time-barred due to Petitioner's failure to file this habeas matter within the statute of limitations period. Petitioner subsequently filed a "Motion for Entry of Default Judgment," which does not address the statute of limitations issue, but rather asserts that relief should be granted to Petitioner because Respondent has not addressed his substantive claims and failed to meet the Court-ordered deadline in which to file a responsive pleading. For the reasons set forth below, the Court will grant Respondent's summary judgment motion and will dismiss Petitioner's habeas corpus petition as time-barred.

**I.     Standard of Review**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Sanders v. Freeman*, 221 F.3d 846, 851 (6th Cir. 2000) (quoting Fed. R. Civ. P. 56(c)). To defeat a motion for summary judgment, the non-moving party must set forth specific facts sufficient to show that a reasonable fact finder could return a verdict in his favor. *Id.* The summary judgment rule applies to habeas proceedings. *Redmond v. Jackson*, 295 F. Supp. 2d 767, 770 (E.D. Mich. 2003).

**II.     Background**

Petitioner was convicted of first-degree murder under a July 14, 1967 conviction in Genesee County Circuit Court. He was sentenced to a mandatory life sentence which was subsequently commuted to a sentence of seventy-one years and two months to life imprisonment. Petitioner was paroled on February 25, 1991. Petitioner, however, was found to be in violation of his parole conditions on two occasions, July 14, 1994 and March 2, 1995, and as a result, his parole was initially revoked, but immediately reinstated. Upon reinstatement, Petitioner's parole term was extended for an additional four-year period on November 15, 1995. On July 14, 1998, Petitioner was allegedly involved with the possession and delivery of less than fifty grams of cocaine, M.C.L. § 333.7401(2)(a)(iv). Petitioner pled guilty to the offense and was sentenced on December 2, 1998 to one to four years' imprisonment. Thereafter, a parole hearing was held and it was revoked. This action by the parole board placed Petitioner back in service of a life sentence. The parole board also issued two five-year continuances. Petitioner was paroled on May 8, 2008 with a supervision discharge date of May 8, 2010. At no time did Petitioner appeal the parole board's 1995 and 1998 decisions to revoke his parole to the state circuit court, state appellate court, the state supreme court,

2

or under the Administrative Procedures Act. Petitioner did not take action regarding his parole revocation issue until September 20, 2007, when he signed and dated his habeas petition. The actual petition was filed with the Court on September 27, 2007.

**III.    Discussion**

    **A.    Statute of Limitations**

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a one-year statute of limitations shall apply to an application of writ of habeas corpus by a person in custody pursuant to a judgment of a state court. The one year statute of limitation shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the application was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). A petition for writ of habeas corpus must be dismissed where it has not been filed within the one-year statute of limitations. *See Holloway v. Jones*, 166 F. Supp. 2d 1185, 1187 (E.D. Mich. 2001). Because Petitioner's conviction became final before the AEDPA effective date of April 24, 1996, the statute of limitations on Petitioner's habeas claim expired on April 24, 1997, one year after the effective date. *Griffin v. Rogers*, 399 F.3d 626, 631-632 (6th Cir. 2005).

Petitioner did not dispute his 1995 and 1998 parole revocations for twelve and nine years, respectively, until September 20, 2007, when he filed the pending petition for writ of habeas corpus. Therefore, he did not exhaust his state remedies regarding his parole revocation claim. 28 U.S.C.

§ 2254(b) (a petitioner must exhaust his state court remedies for this claim); *see also Sneed v. Donahue*, 993 F.2d 1239, 1241 (6th Cir. 1993). Parole revocations may be reviewed under Michigan's Administrative Procedures Act. *See Penn v. Dep't of Corr.*, 100 Mich. App. 532, 539040; 298 N.W.2d 756 (1980). In addition, a parolee may attack a revocation decision by state petition for habeas corpus. *See Hinton v. Michigan Parole Bd.*, 148 Mich. App. 235, 243-44; 383 N.W.2d 626 (1986); *see also Caley v. Hudson*, 759 F. Supp. 378, 380 (E.D. Mich. 1991). Until Petitioner has exhausted his claim by presenting it to all levels of state judicial and/or administrative review, he may not maintain a habeas corpus action challenging revocation or parole.

However, as noted above, regardless of whether Petitioner exhausted his claims, the statute of limitations ran on such a constitutional challenge in 1997 relative to his 1995 parole revocation and in 1999 relative to his 1998 revocation, barring the filing of any post-revocation hearing pleadings which would pause the statute of limitations clock. Since Petitioner did not file any post-revocation hearing pleadings, which could have potentially tolled the statute of limitations until September 20, 2007, Petitioner's habeas claim was clearly filed beyond the statute of limitations period. The only argument that Petitioner can make in an effort to circumvent the limitations period and to avoid the finding that his habeas petition is time-barred is to assert that his claim should be equitably tolled.

### B. Equitable Tolling

The habeas limitations provision is not a jurisdictional prerequisite to habeas relief, and is thus subject to equitable tolling. *See Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001). Nevertheless, "equitable tolling [should] be applied sparingly." *Id.* at 1008. In determining whether equitable tolling is appropriate, the Court must consider: "(1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3)

4

diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim"; and (6) actual innocence. *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir.), *cert. denied*, 534 U.S. 1057 (2001). "These factors are not necessarily comprehensive and they are not all relevant in all cases." *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002). Case law further provides that some extraordinary circumstance which stands in the way of a petitioner's failure to comply with the time requirements must be shown in order to support equitable tolling. *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005); *see also Andrews v. Orr*, 851 F.2d 146, 152 (6th Cir. 1988). "The petitioner bears the burden of establishing that he is entitled to equitable tolling." *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003).

In this case, Petitioner has filed a default motion, which does not address the statute of limitations issue or any equitable tolling arguments, but rather asserts that relief should be granted in his favor because Respondent has not addressed his substantive claims and failed to meet the Court ordered deadline in which to file a responsive pleading. Petitioner has failed to explain his failure to take any action to contest his parole revocation in a timely manner. Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations. His petition is therefore time-barred.

### C. Certificate of Appealability and Proceeding *In Forma Pauperis*

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. §2255(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue, and an appeal of

5

the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim or the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed. In such a case, no appeal is warranted. *Id.*

After conducting the required inquiry and for the reasons stated herein, the Court is satisfied that jurists of reasons would not find the Court's procedural ruling debatable. No certificate of appealability is warranted in this case and any appeal would be frivolous. *See* Fed. R. App. P 24(a). Accordingly, the Court denies a certificate of appealability and denies leave to proceed *in forma pauperis* on appeal.

**IV**. **Conclusion**

Based on the foregoing analysis, the Court concludes that Petitioner failed to file his habeas petition within the one-year limitations period established by 28 U.S.C. §2244(d) and that the statute of limitations precludes federal review of the petition.

Accordingly,

**IT IS ORDERED** that Respondent's "Motion for Summary Judgment " [docket entry #8] is **GRANTED.**

**IT IS FURTHER ORDERED** that Petitioner's "Motion for Entry of Default Judgment" [docket entry #10] is **DENIED** as **MOOT.**

**IT IS FURTHER ORDERED** that the "Petition for Writ of Habeas Corpus " [docket entry

#1] is **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability in this case is **DENIED**.

**IT IS FURTHER ORDERED** that leave to proceed *in forma pauperis* on appeal is **DENIED**.

**SO ORDERED.**

Dated:     September 4, 2008               s/Stephen J. Murphy, III for
                                           HONORABLE PAUL V. GADOLA
                                           UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on  September 4, 2008  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:                      William C.Campbell                      , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                  Harold Nunn                  .

                                           s/Ruth A. Brissaud
                                           Ruth A. Brissaud, Case Manager
                                           (810) 341-7845